UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
AURA MARTINEZ, as Natural Guardian on
behalf of M.G., an infant,

                Plaintiff,             16-cv-1153 (PKC) (RLE)

    -against-

                               ORDER ADOPTING REPORT
                               AND RECOMMENDATION

COMMISSIONER OF SOCIAL SECURITY and
SOCIAL SECURITY ADMINISTRATION,

                Defendants.
----------------------------------------------------------x

CASTEL, Senior District Judge:

          On February 11, 2016, Aura Martinez, who was then proceeding pro se, filed this

action under the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of

the Commissioner of Social Security (the "Commissioner"). (Docket # 2.) Martinez brought the

action on behalf of an infant, M.G., and did so in her capacity as M.G.'s natural guardian. (Id.)

Martinez asserts that the decision of Administrative Law Judge Zachary Weiss (the "ALJ"),

which denied her application for Supplemental Social Security Income ("SSI"), was erroneous

and not based on substantial evidence. (Id.)

          On May 31, 2016, defendants filed a motion for judgment on the pleadings

pursuant to Rule 12(c), Fed. R. Civ. P. (Docket # 7.) An attorney filed a notice of appearance on

behalf of plaintiff Martinez on June 3, 2016. (Docket # 12.) On August 29, 2016, Martinez,

through her attorney, filed a motion for judgment on the pleadings pursuant to Rule 12(c).

(Docket # 15.) This Court referred the parties' motions to the Hon. Ronald L. Ellis, U.S.M.J., to

hear and report. (Docket # 17.)

On August 25, 2017, Magistrate Judge Ellis issued a Report and Recommendation (the "R&R") recommending that the defendants' Rule 12(c) motion be granted and that the plaintiff's Rule 12(c) motion be denied. (Docket # 20.) Martinez, through her attorney, filed objections to the R&R on September 8, 2017. (Docket # 21.)

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the event that a party files objections to the magistrate judge's recommendations, district courts conduct a de novo review of those matters to which a party filed an objection. Id. § 636(b)(1)(B), (C).

When reviewing a Social Security claim, a district court does not determine de novo whether the plaintiff is disabled and therefore entitled to disability benefits. See Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the reviewing court determines only "whether the Commissioner's conclusions 'are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard.'" Id. (quoting Beauvoir v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (a court will only overturn the ALJ's decision if it is "based upon legal error" or "not supported by substantial evidence") (internal quotation marks omitted).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). However, "[i]n conducting [its] review . . . [the Court] will not substitute [its] own judgment for that of the Commissioner, even if [it] 'might justifiably have reached a different result upon de novo review.'" Campbell v. Astrue, 465 Fed. App'x 4, 5 (2d Cir. 2012) (summary order) (quoting

Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984)). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings 'must be given conclusive effect' so long as they are supported by substantial evidence." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam) (quoting Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982)).

Martinez seeks SSI benefits on behalf of M.G., and alleges that M.G. is disabled on the basis of epilepsy, attention-deficit hyperactivity disorder ("ADHD") and asthma. (Docket # 2 at 1.) Under the Social Security Act, a child under the age of 18 is considered medically disabled if the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.A. § 1382c(a)(3)(C)(i).

Martinez's objections point to four areas where she believed the ALJ committed legal error. Martinez asserts that 1.) the ALJ did not properly weigh Martinez's credibility; 2.) substantial evidence did not support the ALJ's conclusion that M.G. had a less-than-marked limitation in certain categories; 3.) the ALJ erroneously gave controlling weight to the opinions of two consulting physicians and a non-examining doctor; and 4.) the ALJ did not assign weight to the statements of M.G.'s teacher and M.G.'s academic records. (Docket # 21.) The R&R rejected each of these arguments.

In reviewing Martinez's objections to the R&R, this Court considers each issue de novo.

1. <u>The Court Adopts the R&R's Conclusions as to the ALJ's Assessment of Martinez's Credibility.</u>

As the R&R notes, the ALJ must consider the claimant's statements regarding subjective pain, and when the claimant is a child unable to adequately describe certain symptoms, the ALJ must consider the testimony of the person most familiar with the child's condition. 20 C.F.R. § 404.1529(a); <u>see also</u> <u>Hairston ex rel. S.N. v. Comm'r of Soc. Sec.</u>, 52 F. Supp. 3d 657, 675 (S.D.N.Y. 2014). The R&R correctly noted that the ALJ, and not the reviewing district court, is tasked with making credibility determinations and weighing conflicting evidence. <u>See</u> <u>Cichocki v. Astrue</u>, 534 Fed. App'x 71, 75 (2d Cir. 2013) (summary order).

Here, the ALJ summarized Martinez's testimony concerning the symptoms experienced by M.G., and concluded that "the statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained below." (Record at 24.) The ALJ found "that the claimant has a longitudinal, yet overall successful history of treatment for her impairments," noting that M.G.'s seizure-related symptoms "immediately" improved when she received required medications. (<u>Id.</u>) The ALJ found "little in the way of continued limitations incurred" due to M.G.'s asthma and ADHD. (<u>Id.</u>) The ALJ therefore explained, with the support of substantial evidence, why he found Martinez's testimony to be "not entirely credible . . . ." (<u>Id.</u>)

Martinez's objections note that the ALJ did not specifically review the non-exhaustive factors for evaluating pain symptoms that cause "a greater severity of impairment than can be shown by objective medical evidence alone . . . ." <u>See</u> 20 C.F.R. § 404.1529(c)(3). Assuming that M.G.'s history of seizures warranted a review under this regulation, the ALJ

made findings consistent with this provision, specifically including on the frequency and duration of M.G.'s symptoms and effectiveness of her medication. (Record at 24.)

The Court adopts the R&R's conclusions as to the issue of Martinez's credibility.

2. <u>The Court Adopts the R&R's Conclusions as to Whether M.G.'s Impairments Are Supported by Substantial Evidence.</u>

The R&R concluded that the ALJ's findings concerning whether M.G. had marked limitations in three areas were supported by substantial evidence. The Court reviews each of them in turn.

First, the ALJ concluded that M.G. had a less-than-marked limitation in acquiring and using information. (Record at 25-26.) This inquiry involves a child's ability to perceive and use information in all settings, including daily activities at school and in the home. See 20 C.F.R. § 416.926a(g). The ALJ considered and summarized the opinions of neuropsychologist Dr. David Masur, consultative psychiatric examiner Dr. David Mahoney, pediatric consulting examiner Dr. J. Randall, child adolescent psychologist Dr. K. Prowda and consultative medical expert Dr. Sreedevi Chandrasekhar. (Record at 25-26.) In her objections, Martinez asserts that the ALJ failed to afford appropriate weight to Dr. Chandrasekhar, who opined that M.G. had marked limitations in acquiring and using information. (Docket # 21 at 2.) However, the ALJ explained that "no weight is afforded to Dr. Chandrasekhar" because "this medical expert, unfortunately, was not afforded the ability to peruse at length the additional medical records submitted by the claimant's attorney, at the hearing, which showed the claimant with a greater mental and physical ability than Dr. Chandrasekhar opined to." (Record at 25.) Martinez's objections dispute this conclusion, and, in turn, describe at length what she considers to be the implications of a 2013 neuropsychological exam. (Docket # 21 at 3-6; Record at 934-42.) Among other things, that 2013 exam concluded that M.G. had an IQ of 76, with "borderline"

processing speed and wording memory, and it recommended treatment for ADHD. (Record at 934-42.) The exam's summary is signed by Dr. Masur, and the ALJ repeatedly cited to this examination, which was Exhibit 13F in the administrative record. (Record at 26-28, 29.) This Court concludes that the ALJ properly exercised his discretion to weigh medical opinions and to explained the basis for the weight he assigned to those opinions. See 20 C.F.R. § 416.927(c). This Court therefore adopts the conclusions of the R&R as to the issue of acquiring and using information.

Second, the ALJ concluded that M.G. had a less-than-marked limitation in attending and completing tasks. (Record at 26-27.) This inquiry involves a child's ability to maintain attention and perform activities. See 20 C.F.R. § 416.926a(h). The ALJ concluded that based on the testimony of Martinez, medical examiners and medical providers, M.G. had a no more than less-than-marked limitation, and that she was able to recall three of five objects after five minutes, recall five digits forward and three digits backward, and to count backward from ten. (Record at 27.) In the objections, Martinez notes that M.G.'s fifth-grade teacher and the 2013 neuropsychological exam both provided substantial evidence that M.G. had a marked limitation. (Docket # 21 at 6.) However, as noted by the R&R, the ALJ's conclusions were based on the exams of medical examiners and providers, which were substantial evidence in support of his conclusion. (R&R at 21.) This Court therefore adopts the conclusions of the R&R as to the issue of attending and completing tasks.

Third, the ALJ concluded that M.G. had a less-than-marked limitation in health and physical well-being. (Record at 30.) This inquiry considers the cumulative physical effects and mental impairments not otherwise considered when evaluating the separate consideration of a child's ability to move and manipulate objects. See 20 C.F.R. § 416.926a(*l*). The ALJ noted

that both Martinez and Dr. Chandrasekhar asserted that M.G. had severe limitations in this area. (Record at 30.) However, the ALJ noted evidence that M.G. "endured improvement in her bedwetting and testing by her providers and examiners found her unremarkable for any abnormalities." (Record at 30.) The ALJ noted that M.G. did not experience regular seizures so long as she follows medical directives. (Record at 30.) As noted in the R&R, examinations by consultative examiners and M.G.'s treating physician reported normal findings. (R&R at 22.) Martinez's objections point to M.G.'s school absences, pharmaceutical dosages, history of bedwetting, history of headaches, episode of seizures in 2012 and bouts of misbehavior as evidence of marked impairments. (Docket # 21 at 7-8.) However, this evidence was before the ALJ, who afforded weight to the findings of treating and consultative physicians, and his conclusion was supported by substantial evidence. This Court therefore adopts the conclusions of the R&R as to the issue of M.G.'s health and physical well-being.

3. The Court Adopts the R&R's Conclusions as to the Weight of Medical Opinions.

The ALJ made express findings as to the weight he afforded to certain physicians. Specifically, he afforded "great weight" to the views of Drs. Khan, Mahoney and Prowda. (Record at 25.) In certain respects, he separately afforded "limited weight" to the views of Dr. Prowda. (Record at 25.) As noted, the ALJ afforded "no weight" to the opinion of Dr. Chandrasekhar. (Id.)

Martinez contends that the ALJ effectively gave "controlling weight" to the views of Drs. Khan, Mahoney and Prowda (Docket # 21 at 8-9), even though controlling weight may be afforded only to treating physicians. See 20 C.F.R. § 416.927(c)(2). However, as the R&R notes, the ALJ expressly afforded these consulting doctors and examiners "great weight," and

not "controlling weight," and, in the case of Dr. Prowda, afforded "limited weight" as to certain issues. (Record at 25.)

Because the ALJ afforded "great weight" to certain physicians, and there is no basis to conclude that he afforded them "controlling weight," this Court adopts the R&R's conclusions that the ALJ acted within his authority when weighing their opinions.

### 4. The Court Adopts the R&R's Conclusions as to the ALJ's Consideration of All Evidence.

"[T]he opinion of a non-medical source (or 'other-source'), in regard to the key issues of impairment severity and functional effects, may be important and, in some cases, entitled to greater weight than an acceptable medical source in the Commissioner's determination." Patel v. Colvin, 2013 WL 3873234, at *5 (E.D.N.Y. July 25, 2013). Martinez asserts that the ALJ committed legal error because he did not afford consideration, or "real review," to evidence that included a report of M.G.'s fifth-grade teacher, the neuropsychological exam, M.G.'s grades in math and reading, and M.G.'s fifteen absences in the 2013-14 school year and 19 absences in the 2012-13 school year. (Docket # 21 at 10.)

As the R&R notes, an ALJ is not required to discuss every piece of evidence, and the absence of citation to an item of evidence does not mean that the evidence was not considered. (R&R at 23-24, citing Brault v. Soc. Sec. Amind. Comm'r, 683 F.3d 443, 448 (2d Cir. 2012)). The report of M.G.'s teacher consisted of a box-check questionnaire, which stated that M.G. had marked limitations in acquiring and using information, and attending and completing tasks. (Record at 948-49.) It is summary in nature, with no supporting explanation or observations as to how the teacher reached her conclusions. The Court adopts the R&R's conclusion that such a form questionnaire is "only marginally useful" and "weak evidence at best." (R&R at 24, citing Halloran v. Barnhart, 362 F.3d 28, 31 n.2 (2d Cir. 2004).) Similarly,

M.G.'s low grades in math and reading, and her school-attendance record, would not have altered the outcome of this case, and the ALJ was not required to afford them specific weight in his opinion. (<u>See</u> R&R at 24.) As to the 2013 neuropsychological exam, the ALJ expressly cited to it several times, and there is no basis to conclude that the ALJ failed to consider it.

This Court therefore adopts the R&R's conclusion that the ALJ was not required to specifically discuss the evidence cited by Martinez.

CONCLUSION

This Court adopts the recommendations of the R&R in their entirety. The defendants' motion for judgment on the pleadings is GRANTED. (Docket # 7.) Martinez's motion for judgment on the pleadings is DENIED. (Docket # 15.) The Clerk is directed to enter judgment for defendants and to close this case.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and <u>in forma pauperis</u> status is denied. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        September 22, 2017